IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HOWARD JAMES PAYTON                                                                         PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 2:14cv83-FKB

JASON MILSAP, et al.                                                                       DEFENDANTS

OMNIBUS ORDER

Plaintiff is a state inmate currently being held at the Forrest County Adult Detention Center. He brought this action pursuant to 42 U.S.C. § 1983 against officials at the detention center alleging constitutional violations. A *Spears* hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's testimony at the hearing and having conferred with Plaintiff and counsel for Defendants, the Court finds and rules as follows.

Plaintiff alleges the following claims:

*Denial of medical treatment.* Plaintiff contends that Defendant Jason Milsap has refused on numerous occasions to give Plaintiff his medication and then falsely stated in the records that Plaintiff refused his medication. At the hearing, Plaintiff identified these medications as Naprosyn, allopurinol, and Lasix. According to Plaintiff, these actions on the part of Milsap are part of a general pattern of harassment by Milsap against Plaintiff.

*Assault by other inmates.* Plaintiff testified that on January 7, 2014, he was assaulted by three inmates and sustained injuries to his face. He complains that Defendant Brandon Freemon, the supervisor at the time, failed to take any disciplinary or investigative action following the assault.

*Placement in lock down.* After the assault by the other inmates, Plaintiff was

placed in lock down in Q pod, where he alleges he was allowed only occasional yard call, no phone calls, and no opportunities to shower.  On May 9, 2014, he was apparently moved to another lock down unit.   While in lock down, Plaintiff is allowed no visitation, no phone calls, and no opportunities for recreation.  He also complains of problems receiving his incoming legal mail.   Plaintiff indicated at the hearing that Milsap and Defendant Donnell Brannon, the jail administrator, are the primary officials responsible for his placement in lock down and the conditions there.  He specifically stated that Brannon refused him shower privileges for two and a half weeks.

*Assault by Milsap.*  Plaintiff alleges that on May 14, 2014, Milsap punched him in the face after Plaintiff questioned him as to why he had been placed in lock down.

Plaintiff's allegations of denial of medications fail to rise to the level of a constitutional violation.  While he has arguably alleged deliberate indifference on the part of Milsap, Plaintiff has failed to show that Milsaps's actions interfered with any serious medical need or that he suffered any harm because of the failure to receive his medication.  Neither do Plaintiff's allegations regarding the failure to take action following his assault by other inmates state a claim under § 1983; there is no constitutional right to have wrongdoers investigated or disciplined.  Accordingly, Plaintiff's medical claims and his claims against Freeman are hereby dismissed.  Plaintiff's only allegation concerning Defendant Billy McGee, the sheriff of Forrest County, are that he has written to McGee about his complaints.  This fails to state a cognizable claim under § 1983.  According, the claims against Sheriff McGee are hereby dismissed.

This matter will go forward on Plaintiff's claim of excessive force against Milsap and

his claims against Milsap and Brannon concerning conditions in lock down.  Those claims are hereby set for a jury trial before the undersigned at 9:00 a.m. on Tuesday, June 2, 2015.  A pretrial conference will be held on Tuesday, May 19, 2015, at 1:30 p.m.

Upon the motion of Plaintiff, the Court will secure the presence at trial of incarcerated witnesses if it determines that their testimony is relevant.  Any such motion shall be filed no later than thirty days prior to trial and shall include a description of the witness's proposed testimony.  Plaintiff shall be responsible for securing the voluntary presence at the trial of any witnesses who are not incarcerated.  Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence.  No later than thirty days prior to trial, Plaintiff shall file a motion with the Court requesting a subpoena to be issued for the witness.  The request shall include the name and address of the witness and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

Plaintiff's motion to appoint counsel [14] is denied.  Plaintiff's motion to subpoena evidence [18] is denied without prejudice.  Plaintiff may refile this motion with an explanation as to why he believes the requested videotape may contain evidence relevant to the claims or defenses in this case.  The motion for an omnibus hearing [25] is denied as moot.

After the *Spears* hearing, Plaintiff filed a document that appears to be a restatement of his complaint. At the direction of the office of the undersigned, this document was docketed as a motion to amend the complaint [37].  The document does

3

not add anything essential to Plaintiff's claims, which were clarified at the hearing. For this reason, the document is hereby terminated as a pending motion.

At the hearing, Defendants produced to Plaintiff his detention center file. Additional discovery shall be limited to ten interrogatories and ten requests for production. All discovery shall be completed by January 9, 2015. Any dispositive motions shall be filed by January 30, 2015.

SO ORDERED this the 24th day of October, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE